IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | 8:19CV288 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN CARTER; TIMOTHY CARMICHAEL; JEFFREY HOWARD, MICHAEL D. GOOCH; DENNIS R. KEEFE; ROBERT HAYES, COUNTY OF LANCASTER COUNTY, NEBRASKA; CITY OF LINCOLN, NEBRASKA POLICE DEPARTMENT; SHERIFF OFFICER, UNKNOWN; COUNTY OF LANCASTER COUNTY SHERIFF DEPARTMENT; CHIFE OF POLICE DEPARTMENT; and PUBLIC DEFENDER OFFICE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiff, Marvel Jones, filed this case on July 1, 2019, and he has since been granted leave to proceed in forma pauperis. The court now conducts an initial review of Jones' complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated below, the court determines that the action should be dismissed without prejudice.

I. SUMMARY OF COMPLAINT

Jones alleges he is a "civilly committed prisoner detainee" at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska. Although not specifically alleged, Jones presumably was committed to NRC under Nebraska's Sex Offender Commitment Act, Neb. Rev. Stat. § 71-1201, et seq., upon completion of his sentence for a 1997 conviction for first degree sexual assault.[1] Jones seeks to be released from NRC, to have the conviction expunged and

---

[1] Jones was convicted in the District Court of Lancaster County, Nebraska, and sentenced to 25 to 40 years' imprisonment. *See State v. Jones*, 577 N.W.2d 302 (Neb. App. 1998).

his name removed from the sex offender registry, and to recover damages from twelve defendants for alleged constitutional violations associated with the conviction.[2]

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. ANALYSIS

Jones alleges that he brings this action for damages and injunctive relief under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, and 1988 for violation of his rights under the

---

[2] All defendants are sued in their individual and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

United States Constitution and the Nebraska Constitution. (Filing 1, p. 1) Jones may also be asserting common law tort claims, including claims for false arrest, false imprisonment, malicious prosecution, abuse of process, fraud, and negligence. (Filing 1, pp. 1-2, 14-15)

A. State Law Claims

This court's ability to entertain Jones' claims arising under the Nebraska Constitution and Nebraska tort law cannot be predicated on 28 U.S.C. § 1331 (original jurisdiction),[3] but instead must depend on 28 U.S.C. § 1367(a) (supplemental jurisdiction).[4] *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011); *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 843 (D. Neb. 2018).

Because the court has determined that all of Jones' federal claims must be dismissed for failure to state a claim upon which relief may be granted, it will decline to exercise supplemental jurisdiction over any state claims that are alleged in the Complaint and will dismiss such claims without prejudice. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction, ....").[5]

---

[3] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[5] When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually "will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). *See also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed...."). Indeed, the Court of Appeals has "stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

B. Section 1981

"To state a claim under § 1981, a plaintiff must plead: '(1) that the plaintiff is a member of a protected class; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination on the basis of race interfered with a protected activity as defined in § 1981.'" *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 767 (8th Cir. 2016) (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004)). While investigation reports attached to the Complaint identify Jones as a black male (Complaint, pp. 28-59), there are no allegations that any actions taken by the defendants were racially motivated. Thus, no plausible claim for relief under § 1981 is stated.

Even if Jones were to allege facts to support a § 1981 claim, it is apparent that such a claim would be barred by the applicable statute of limitations.[6] "Because there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period is the most appropriate one provided by state law. The three-year limitation period provided by Nebraska law applies to actions brought under § 1981." *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (citations omitted); Neb. Rev. Stat. § 25-219 ("All actions upon a liability created by a federal statute ... for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have accrued.").[7]

C. Section 1983

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). For various reasons which will be discussed below with reference to each defendant, no plausible claim for relief under § 1983 is stated.

---

[6] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

[7] However, the federal "catch-all" 4-year statute of limitations, 28 U.S.C. § 1658(a), applies to claims arising under the 1991 amendments to section 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

*1. Lincoln Police Officers*

Jones alleges that three police officers employed by the City of Lincoln, Nebraska, John Carter, Timothy Carmichael, and Jeffrey Howard, violated his constitutional rights on August 30, 1996, when Jones was taken to the police station for a polygraph exam. Jones alleges he was interrogated for several hours without being given *Miranda* warnings and was coerced into incriminating himself. (Complaint, ¶¶ 21-24) Jones also complains generally about testimony the officer provided at his trial. (Complaint, ¶¶ 31-32)

"The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself. Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc); *see Hannon v. Sanner*, 441 F.3d 635, 637 (8th Cir. 2006) (reaffirming *Warren*).

The Court of Appeals has also held that a Fifth Amendment claim challenging the voluntariness of a confession accrues when the violation occurs and is not postponed under the rationale of *Heck v. Humphrey*, 512 U.S. 477 (1994), in which "the Supreme Court held that where 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction,' a cause of action has not accrued unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated by a state court or called into question by a federal habeas court." *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) (citations omitted). "Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of [the plaintiff] on this § 1983 action challenging his confession will not *necessarily* demonstrate the invalidity of his conviction." *Id.* at 1095 (emphasis in original).

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a 4-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated ....").

"Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).[8]

Unless a judgment in favor of Jones on his § 1983 claims against the police officers would necessarily imply the validity of his 1997 conviction for sexual assault, such claims are barred by the applicable statute of limitations. Conversely, if Jones' claims against the officers are *Heck*-barred, then they should be dismissed without prejudice as premature. *See Simmons*, 77 F.3d at 1095; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) (dismissal of *Heck*-barred claim should be without prejudice so plaintiff can refile if he satisfies *Heck* requirement).

The foregoing statute-of-limitations analysis applies with equal force to all § 1983 claims that are alleged against other defendants. In addition, the *Heck* doctrine has been held to apply not only to § 1983 actions, but also to actions brought under § 1981, § 1985, and § 1986. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999); *Hernandez v. United States*, No. 8:11CV134, 2011 WL 2581193, at *2 n. 1 (D. Neb. June 29, 2011).

*2. City of Lincoln and Police Department*

Jones alleges that the City of Lincoln and the Lincoln Police Department[9] failed to "train it[s] officers and change it[s] policies of allowing it[s] officers John Carter, Timothy Carmichael, and Jeffrey Howard to violate plaintiff['s] rights and conspire with others and their testimony against plaintiff during plaintiff['s] trial." (Complaint, ¶ 31)

---

[8] Jones alleges that he received copies of police investigative reports, upon which he bases his claims against the officers, about four months after his trial. (Complaint, ¶ 60)

[9] Although the Lincoln Police Department and its Chief are named as defendants, the department is not a proper party. *See Gerlach v. Omaha Nebraska Police Dep't*, No. 8:19CV67, 2019 WL 1207178, at *1 (D. Neb. Mar. 14, 2019) (police department is not suable under 42 U.S.C. § 1983); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *see City of Canton* ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.").

"At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Thus, to state a viable § 1983 claim for "failure to train" against the City of Lincoln, Jones must "plead facts sufficient to show that (1) [the City's] officer-training practices were inadequate; (2) [the City] was deliberately indifferent to the rights of others in adopting these training practices, and [the City's] failure to train was a result of deliberate and conscious choices it made; and (3) [the City's] alleged training deficiencies caused [Plaintiff's] constitutional deprivation." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). "[A] claim for failure to supervise requires the same analysis as a claim for failure to train." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013) (quoting *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007)).

Jones' Complaint contains no facts from which it might reasonably be inferred that the City is responsible for any alleged misconduct on the part of the police officers. Also, the City cannot be held liable on either an unconstitutional policy or custom theory or on a failure to train or supervise theory unless a defendant police officer is found liable for a constitutional violation. *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) ("This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim.").

Similarly, the chief of police cannot be held personally liable unless he "(1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [Jones]." *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018) (quotations marks and citations omitted). Jones has failed to allege any facts to support a claim for supervisory liability. "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." *Johnson v. City of Ferguson*, 926 F.3d 504, 506 (8th Cir. 2019).

Regarding the alleged conspiracy, Jones must prove: (1) that the defendants conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured him." *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (quoting *Bonenberger v. St. Louis. Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)).

"[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id.*; see *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) (per curiam) ("To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end."). Jones' Complaint contains no facts indicating the existence of a conspiracy involving these or any other defendants.

Nebraska's 4-year limitations period for personal injury actions also applies to § 1983 conspiracy claims. *See Haltom*, 2018 WL 1033488, at *4 ("In Nebraska, the statute of limitations applicable to a claim of civil conspiracy is that applicable to the underlying wrong.").

*3. Lancaster County and Sheriff's Department*

Jones alleges that an unidentified Lancaster County Sheriff's Department employee transported him to the Diagnostic and Evaluation Center on April 3, 1996,[10] and "conspired

---

[10] This date appears to be in error. Transportation to this Department of Corrections facility presumably occurred after Jones was sentenced on April 2, 1997 (Filing 1, p. 21).

with others." (Complaint, ¶ 32) No unconstitutional conduct on the part of this employee is alleged, nor are there any facts to support a § 1983 conspiracy claim.

Jones also alleges that the Lancaster County Sheriff's Department[11] failed to train this unidentified employee. (Complaint, ¶ 33) As with the "failure to train" claim against the City of Lincoln, there are no facts alleged to support this claim against the County.

Jones further alleges that Lancaster County "knew or should have known they didn't have subject matter jurisdiction over plaintiff where the criminal complaints has never been filed." (Complaint, ¶ 26) Jones alleges that he was not properly charged in a citation issued by the Lincoln Police Department, and that a complaint and information subsequently filed by the county attorney was also defective.[12] (Complaint, ¶¶ 27-30) This claim necessarily challenges the validity of Jones' conviction and is *Heck*-barred.

### 4. Public Defenders

Jones alleges he received inadequate assistance of counsel at trial, where he was represented by Michael Gooch and Dennis Keefe of the Lancaster County Public Defender's Office. (Complaint, ¶¶ 35-58) "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13.

While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-

---

[11] Like the Lincoln Police Department, the Lancaster County Sheriff's Department is not a proper party. *See* n. 9, *supra*.

[12] The county attorney is not named as a defendant, but would be entitled to prosecutorial immunity. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)).

protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's bare, conclusory allegations fall far short of stating a plausible conspiracy claim.

Jones also alleges that public defender's office and its "chief," John Hayes, failed to train the attorneys. (Complaint, ¶¶ 69-60) Again, there are no facts alleged to support such a claim against the office (or Lancaster County) or Mr. Hayes.

*5. Injunctive Relief*

Although none of the defendants named in this action have the authority to expunge Jones' conviction, remove his name from the sex offender registry, or release him from detention at NRC, the *Heck* bar also applies to claims for injunctive relief. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Robinson v. Nebraska*, No. 8:18CV73, 2019 WL 1207170, at *3 (D. Neb. Mar. 14, 2019) (citing additional cases).

Furthermore, a § 1983 action is not the proper vehicle for challenging a civil commitment. Such a claim is cognizable in federal court only by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, and only if state court remedies have been exhausted. *See Reddick v. Paine*, No. 8:16CV556, 2017 WL 405614, at *3 (D. Neb. Jan. 30, 2017).

D. Section 1985

Section 1985 "provides a cause of action for damages sustained as a result of conspiracies to obstruct justice, 42 U.S.C. § 1985(2), as well as conspiracies to deprive individuals of equal privileges and immunities and equal protection under the law, 42 U.S.C. § 1985(3)." *Kelly v. City of Omaha*, 813 F.3d 1070, 1077 (8th Cir. 2016). "In order to state a claim for conspiracy under § 1985, a plaintiff 'must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.'" *Id.* at 1078 (quoting *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). "This standard requires that 'allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action.'" *Id.* (quoting *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989)). Because Jones has failed to allege facts showing that any of the defendants' alleged

misconduct arose from any such meeting of minds, no plausible claim for relief under § 1985 is stated.

Although *Heck*, on its face, addresses only actions brought under § 1983, courts have expanded the contours of *Heck* to reach 42 U.S.C. § 1985 and other civil rights statutes. *Hernandez v. Frakes*, No. 4:15CV3115, 2016 WL 797571, at *2 (D. Neb. Feb. 29, 2016) (citing cases). Nebraska's 4-year statute of limitations for personal injury actions also applies to § 1985 actions. *See Thompson v. Kyle*, No. 8:05CV136, 2005 WL 2128581, at *4 (D. Neb. Aug. 29, 2005); *Haltom*, 2018 WL 1033488, at *4. Thus, even if Jones were able to allege sufficient facts to state a plausible § 1985 claim, it would be time-barred or *Heck*-barred, as would any § 1983 conspiracy claim.

## E. Section 1986

"In order to bring a § 1986 claim for failure to prevent a conspiracy to interfere with civil rights, a plaintiff must show that (1) the defendants had actual knowledge of a § 1985 conspiracy, (2) the defendants had the power to prevent or aid in preventing the commission of the § 1985 conspiracy, (3) the defendants neglected or refused to prevent the conspiracy, and (4) a wrongful act was committed." *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1223–24 (8th Cir. 2015). "Accordingly, a § 1986 cause of action is dependent upon a valid § 1985 claim." *Id.*

In addition § 1986 contains a 1-year statute of limitations, which has long since run on any claim alleged in Jones' Complaint. *See Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *4 (D. Neb. Feb. 21, 2018) (section 1986 claim time-barred). As previously discussed, *Heck* also applies to § 1986 actions.

## F. Section 1987

Section 1987 authorizes the United States attorneys, marshals, deputy marshals, the United States magistrate judges, with the power to arrest, imprison, or bail offenders, and any other officer specifically empowered by the President to institute prosecution of the violations of certain civil rights statutes. Section 1987 does not allow a private cause of action. *Carmona v. Sausen*, No. CIV. 00-2447MJDRLE, 2006 WL 763211, at *5 (D. Minn. Mar. 16, 2006)

(citing cases), *report and recommendation adopted sub nom. Carmona v. Ross*, No. CIV. 00-2447 MJD/RLE, 2006 WL 1004374 (D. Minn. Apr. 14, 2006); *Johnston v. Brisco*, No. 06-CV-03002, 2007 WL 1576026, at *30 (W.D. Ark. May 30, 2007) ("Obviously, plaintiffs have no authority to prosecute the defendants under this statute."), *aff'd*, 329 F. App'x 695 (8th Cir. 2009).

### G. Section 1988

Section 1988 does not provide an independent Federal cause of action either, but is, instead, recognized as a procedural rule. *Carmona*, 2006 WL 763211, at *5 (citing cases); *Johnston*, 2007 WL 1576026, at *31 ("Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases."); *Stagemeyer v. Cty. of Dawson*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002) ("42 U.S.C. § 1988 does not create an independent federal cause of action for the violation of federal civil rights.").

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel is denied.

## V. CONCLUSION

Jones' Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, or 1988. The court will not grant Jones leave to amend because all of his federal claims are barred by applicable statutes of limitations or by the *Heck* doctrine, making amendment futile. The court declines to exercise supplemental jurisdiction over any state law claims.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint (Filing 1) is dismissed without prejudice.

2. Plaintiff's motion for appointment of counsel (Filing 4) is denied.

3. The court shall enter judgment by separate document.

DATED this 30th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge