IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES, ) 8:19CV288
)
      Plaintiff, )
) MEMORANDUM
    v. ) AND ORDER
)
JOHN CARTER, *et al.*, )
)
      Defendants. )
)

      Plaintiff, Marvel Jones ("Jones") has filed an "objection to dismissal for good cause shown below" (Filing 14), which the court liberally construes either as a motion to alter or amend judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b). For the reasons discussed below, the motion will be denied in all respects.

      Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b) provides that a judgment may be set aside, *inter alia*, for "mistake, inadvertence, surprise, or excusable neglect," for "newly discovered evidence," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(2),(6). The catch-all provision of Rule 60(b)(6) authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

      A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). That time limit may not be extended, *see* Fed. R. Civ. P. 6(b)(2), and a district court lacks jurisdiction over an untimely Rule 59(e) motion. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). Because the judgment in this case was entered on July 30, 2019 (Filing 9), and the pending motion was not filed until December 12, 2019, the court cannot consider the motion under Rule 59(e),

even though Plaintiff claims he did not know that judgment had been entered until sometime after November 25, 2019, when the court sent him another copy of the judgment and the underlying memorandum and order in response to a request for a status report.[1]

A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Especially considering that the dismissal in this case was without prejudice and was made prior to service on any defendant, the court accepts the truth of Plaintiff's representation that he did not receive the July 30th mailing and finds that the pending motion was filed within a reasonable time after Plaintiff became aware of the dismissal.[2]

As explained the court's previous memorandum and order, Jones was convicted of first degree sexual assault and sentenced to 25 to 40 years' imprisonment in 1997. Although not specifically alleged in the complaint, Jones presumably was committed to the Norfolk Regional Center ("NRC") as a sex offender upon completion of his sentence. In this action, he seeks to be released from NRC, to have the conviction expunged and his name removed from the sex offender registry, and to recover damages from twelve defendants for alleged constitutional violations associated with the conviction. Jones alleges that he brings this action for damages and injunctive relief under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987,

---

[1] Plaintiff theorizes that the court's original mailing was misaddressed to "Manuel Jones" and therefore was not delivered to him by the Norfolk Regional Center mail room. While it is true that Plaintiff's first name was misspelled when the case was docketed, the error was noted and corrected on July 2, 2019.

[2] In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication. *Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005). There is a presumption that a properly mailed document is received by the addressee. *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir. 2004). Denial of receipt does not, as a matter of law, rebut the presumption, but rather creates a question of fact. *Kohler v. Anderson*, 986 F.2d 503, 1993 WL 16013 at * 1 (8th Cir. 1993) (Table).

and 1988[3] for violation of his rights under the United States Constitution and the Nebraska Constitution, and he may also be asserting common law tort claims, including claims for false arrest, false imprisonment, malicious prosecution, abuse of process, fraud, and negligence. The court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that all federal claims were barred by the applicable statute of limitations[4] or by the *Heck* doctrine,[5] such that granting Jones leave to amend any of those claims would be futile.[6] The court declined to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c).

In the pending motion, Jones argues that the statute of limitations should be tolled pursuant to the provisions of Neb. Rev. Stat. 25-213,[7] which provides that "if a person

---

[3] As explained in the court's previous memorandum and order, sections 1987 and 1988 do not create a private cause of action.

[4] As explained in the court's previous memorandum and order, a 3-year statute of limitations applies to § 1981 claims, a 4-year statute of limitations applies to § 1983 and § 1985 claims, and a 1-year statute of limitations applies to § 1986 claims.

[5] As explained in the court's previous memorandum and order, a claim seeking damages or injunctive relief, whether filed under section 1981, 1983, 1985, or 1986, is *Heck*-barred if it would necessarily imply the validity of Jones's conviction or imprisonment. Jones can only pursue such a claim after "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[6] "By allowing district courts to dismiss all meritless [in forma pauperis ("IFP")] claims before service of process and without giving leave to amend, [28 U.S.C. § 1915(e)(2)] reduces the cost of those suits to the judicial system." *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998). Sua sponte dismissal is appropriate where it is patently obvious that the plaintiff cannot prevail on alleged facts, and an opportunity to amend would be futile. *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008); *see Lasher v. Nebraska State Bd. of Pharmacy*, 749 F. App'x 494, 495 (8th Cir. 2019) (affirming preservice dismissal of IFP complaint without sua sponte granting plaintiff leave to amend).

[7] For a § 1983 action the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law. *Montin v. Estate of Johnson*, 636 F.3d

entitled to bring any action ... is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned," he or she "shall be entitled to bring such action within [the applicable limitations period] after such disability is removed." Jones has not made a showing that he fits within any of these three categories.

Paperwork attached to the complaint indicates Jones was born in 1958. While he is currently a civilly committed detainee at NRC, there is no indication that he has a "mental disorder" within the meaning of the tolling statute. As used in section 25-213, a "mental disorder" is a condition rendering a plaintiff "incapable of understanding his legal rights or instituting legal action," or "evaluat[ing] and communicat[ing] information necessary to protect [his] rights." *Montin*, 636 F.3d at 413 (quoting *Kraft v. St. John Lutheran Church*, 414 F.3d 943, 948 (8th Cir. 2005)). Similarly, while Jones has been a prisoner for many years, "imprisonment in and of itself is not a disability entitling one imprisoned to a period of exclusion from the normal time limitation ...." *Scott v. Hall*, 488 N.W.2d 549, 551 (Neb. 1992). "[A] showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996).

Jones further argues that equitable tolling should apply because evidence allegedly was withheld or concealed. However, as discussed in the court's previous memorandum and order, Jones alleges he obtained such evidence about four months after his trial.

Jones also relies on the "continuing tort doctrine," but under Nebraska law this a doctrine of accrual, not a tolling doctrine. *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *3 (D. Neb. Feb. 21, 2018) (citing *Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 382 (Neb. 2007). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Montin*, 636 F.3d 409, 413 (8th Cir. 2011) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).

---

409, 413 (8th Cir. 2011) (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391. Accrual can be delayed under the "continuing violations" theory, *see Montin*, 636 F.3d at 416, but the doctrine applies only to claims "composed of a series of separate acts that collectively constitute one unlawful practice." *Shepard v. Nebraska*, No. 4:16CV3038, 2016 WL 2344200, at *3 (D. Neb. May 3, 2016) (quoting *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015)). The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of a serial violation, but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment. *Gonzalez*, 802 F.3d at 220. A continuing violation does not excuse a plaintiff from complying with the applicable statute of limitations—it simply allows the plaintiff to include, in an initial complaint, allegedly unconstitutional acts that occurred before the limitations period, provided that at least one of the acts complained of falls within the limitations period. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 362 (8th Cir. 1997). Jones's claims involve discrete acts of allegedly unlawful behavior by law enforcement, prosecutors, and public defenders, which culminated in his conviction and sentencing in 1997. The continuing violation doctrine therefore has no application here.

For the most part, the pending motion consists of citations to legal authorities which Jones contends support the merits of his federal and state law claims. Because Jones's federal claims are barred by the statute of limitations or the *Heck* doctrine, and because it is most appropriate to dismiss the state law claims without prejudice in this instance, no further discussion is necessary. The court has carefully reviewed Jones's objections and finds no legitimate basis for granting him relief from the judgment that was entered on July 30, 2019.

IT IS THEREFORE ORDERED that Plaintiff's "objection to dismissal for good cause shown below" (Filing 14), construed either as a Rule 59(e) or Rule 60(b) motion, is denied in all respects.

DATED this 6th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge